IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **American Export Group Limited Partnership, et al.,** | ) ) ) | **Civil Action No. 2:99-1124-12** |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **ORDER** |
| **United States of America,** | ) ) ) | |
| **Defendant.** | ) | |

    This matter is before the Court on the plaintiffs's motion for reconsideration, or in the alternative, for leave to amend. For the reasons that follow, the Court grants the motion, and in lieu of dismissal, affords the plaintiffs ten (10) days in which to file a motion to amend and a proposed amended complaint.

    On August 4, 2004, the Court dismissed this action, which challenged the Department of Homeland Security's (DHS) implementation of the EB-5 immigrant investor program. The Court concluded, inter alia, (1) that the plaintiffs's APA, abuse of discretion, due process, estoppel and specific performance claims were not ripe and (2) that the plaintiffs's mandamus claim, as phrased, was moot. On August 31, 2004, the plaintiffs moved for reconsideration, arguing, first, that the Court's August 4 order failed to account for the fact that the DHS's <u>present</u> freeze on processing the plaintiffs's I-829 petition itself caused the plaintiffs cognizable harm that was independent of the additional harm that would be caused by the <u>future</u> application of <u>Izummi</u> to those petitions. In addition, they argued that the Court's August 4 order failed to recognize that the Complaint's prayer for "fair, equitable, and proper" relief should be broadly read to include a demand that the DHS grant the plaintiffs's pending I-829 applications. Failing either of these positions, the plaintiffs also argued that the Court should grant them leave to file

an amended complaint. The plaintiffs did not attach a proposed amended complaint to the motion.

A Rule 59(e) motion seeks an extraordinary remedy that district courts should use sparingly. See Pacific Insurance Co. v. American National Fire Insurance Co., 148 F.3d 396, 403 (4th Cir. 1998).[1] Indeed, the Fourth Circuit recognizes but three grounds for a Rule 59(e) motion: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See id. at 402; EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). The plaintiffs argue that the Court must correct the clear errors of law made in the August 4 order.

First. The plaintiffs argue that their APA, due process, and estoppel claims do allege present harm from the DHS's freeze on their I-829 petitions. While it is true that the complaint, at various places, contains generalized statements regarding the effects that the DHS's freeze has had on the plaintiffs, see, e.g., Complaint at ¶¶ 6-7, 72, 74, and 108, it is also true that the complaint did not allege that this harm arose in connection with their APA, estoppel, and due process causes of action. For example, the plaintiffs's APA claim alleges, in entirety:

> 115.     Paragraphs 1-114 are incorporated by reference as if fully stated herein.
>
> 116.     The [DHS's] new requirements are substantive rules of general applicability. Accordingly, the APA requires notice of the proposed rulemaking to be published in the Federal Register and that the agency provide notice to and an opportunity for comment by interested persons. Moreover, under the APA,

---

[1] The plaintiffs invoked both Rule 59(e) and Rule 60(b) in their motion for reconsideration, but because they argue only that the Court made an error of law in its August 4 ruling, they may only proceed under Rule 59(e). See Dove v .CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

2

such rules may only be promulgated and applied prospectively.

117.    The [DHS] has promulgated its new rules and requirements without complying with any of the rulemaking procedures of the APA. Moreover, in violation of the APA, the [DHS] is purporting to apply its new requirements retroactively.

118.    Neither the [DHS's] Office of General Counsel nor the AAO is authorized to promulgate new rules. Neither the [DHS's] Office of General Counsel for the AAO is capable of promulgating new rules in a lawful manner.

119.    The [DHS's] new requirements are invalid and should be set aside.

Complaint at ¶ 115-119. This claim makes no allegation whatsoever that would put the DHS on notice that the plaintiffs were challenging the DHS's present failure to act on their pending I-829 petitions. Instead, the claim, like the plaintiffs's estoppel and due process claims, challenges only the DHS's future application of Izummi to those petitions. And as the Court has already once explained, see Order of August 4 at 7 n.7, the uncertain fate of Izummi in the EB-5 immigrant investor program makes the plaintiffs's APA, estoppel, and due process claims unripe. See Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 506 (1972) (a claim is ripe when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").[2]

Second. The plaintiffs argue that the complaint's allegation for "just, equitable and

---

[2] While the plaintiffs do not tie the harm they allege from the DHS's present freeze on pending I-829 applications to their APA, estoppel, and due process claims, they do tie those allegations to their mandamus claim. That claim states, in pertinent part, that "[t]he [DHS] has a duty to process I-526 applications in a timely manner and has failed to comply with that duty." Complaint at ¶147. This allegation reveals why the plaintiffs mandamus claim is at once both ripe and moot: ripe because it, unlike the APA, estoppel, and due process claims, challenges the DHS's present freeze, and moot because the DHS has now processed the plaintiffs pending I-526 petitions.

proper" relief is sufficient to put the DHS on notice of their newly-minted mandamus request that the Court order the DHS to grant their pending I-829 petitions. In essence, the plaintiffs would have the Court interpret "just, equitable and proper" relief to mean "any relief the plaintiffs later decide to seek." This the Court will not do. A complaint must "put the defendant on notice of the claims he is facing." Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 253 (4th Cir. 2005). The plaintiffs's proffered reinterpretation of their complaint falls well short of this standard.

The plaintiffs seek, in the alternative, leave to amend their complaint. To support this request, the plaintiffs contend that the complaint provided DHS with notice that the plaintiffs sought relief for the unlawful freezing of their I-829 petitions. As explained above, the Court finds that the complaint did not put DHS on such notice. DHS, however, has not processed the plaintiffs's I-829 petitions, and the plaintiffs may, upon amendment, present a viable claim relating to DHS's failure to process those petitions. Consequently, the Court holds that dismissing the action based on a jurisdictional defect which may be cured through a minor amendment would result in manifest injustice.

The Court should deny a request for leave to amend under Fed. R. Civ. P. 15 only when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). Delay alone is not a sufficient ground on which to deny leave to amend. Id. While the legal standard is favorable to those seeking leave to amend, the plaintiffs here did not attach a proposed amended complaint to their motion for reconsideration. The Court is therefore unable to evaluate their request. In the interest of justice, however, the Court

gives the plaintiffs ten (10) days from the date this order is entered in which to file a motion for leave to amend with a proposed complaint attached. Nothing in this order prevents the government from opposing the plaintiffs's motion or, in the event the Court grants the plaintiffs leave to amend, from later filing a motion to dismiss.

The Court therefore grants the motion for reconsideration, and in lieu of dismissal, affords the plaintiffs ten (10) days in which to file a motion to amend and a proposed amended complaint.

**AND IT IS SO ORDERED**.

*[signature: C. Weston Houck]*

September 13, 2005                            C. WESTON HOUCK
Charleston, South Carolina              SENIOR UNITED STATES DISTRICT JUDGE